IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


GREGORY TAYLOR                                                    PLAINTIFF


VS.                              CASE NO. 06-CV-1079


GEORGIA-PACIFIC LLC
and INTERNATIONAL ASSOCIATION
OF MACHINIST AND AEROSPACE
WORKERS, LOCAL W475                                               DEFENDANTS


## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed on behalf of Separate

Defendant International Association of Machinist and Aerospace Workers, Local W475

("Union").  (Doc No. 53).  The Plaintiff has filed a response.  (Doc. No. 63).  The Union has filed

a reply to the response.  (Doc. No 66).  The matter is ripe for consideration.

## FACTUAL BACKGROUND[1]

Gregory Taylor worked for Georgia-Pacific ("GP") as a Utility and a Forklift Operator at

its Crossett Plywood and Studmill facility.  Taylor was hired in 2003 and worked for GP until

May 22, 2006, when he was terminated.  The Union was the exclusive bargaining unit for

employees at this facility.  Taylor was a member of the Union.

Taylor was subject to GP's progressive discipline process for excessive tardiness and

absenteeism.  This process ordinarily consisted of four steps.  There was also an optional fifth

step that could, in the discretion of the company, be implemented between the third and fourth

---

[1]  A more detailed factual background can be found in the Court's Memorandum Opinion
dated March 31, 2008, addressing GP's Motion for Summary Judgment.

steps of the process.  This fifth step consisted of a suspension in lieu of discharge with an

additional twelve months probation.  During his employment at GP, Taylor accumulated a large

number of attendance violations.  Eventually, Taylor progressed through all the steps of the

company's discipline process including the optional fifth step–suspension in lieu of discharge.

On May 22, 2006, Taylor was terminated for continued violations of the company's rule

against excessive tardiness and absenteeism. After he was discharged, Taylor requested that the

Union file a grievance on his behalf regarding his termination.  After conducting an investigation,

which included conducting interviews and reviewing Taylor's personnel file, the Union

determined that there was no merit in filing a grievance on Taylor's behalf regarding his

termination.  On August 10, 2006, Taylor was notified of the Union's determination.

On January 18, 2007, Taylor amended his Complaint[2] in this action to include a claim

against the Union for violation of its duty of fair representation.  The matter is now before the

Court on the Union's Motion for Summary Judgment.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established.  The Federal Rules of

Civil Procedure provide that when a party moves for summary judgment;

> The judgment sought shall be rendered forthwith if the pleadings, dispositions,
> answers to interrogatories, and admissions on file, together with affidavits, if any,
> show that there is no genuine issue as to any material fact and that the moving party
> is entitled to a judgment as a matter of law.

---

[2] On August 2, 2006, Taylor filed this suit against GP.  In his Complaint, Taylor alleged
that GP had discriminated against him in violation of Title VII and the FMLA.  When
Taylor amended his Complaint to include this claim against the Union, he also asserted a
Section 310 claim against GP for breach of the Labor Agreement.

Fed.R.Civ.P. 56(c); *Krenik v. County of LeSueur,* 47 F.3d 953 (8th Cir. 1995). The Supreme

Court has issued the following guidelines for trial courts to determine whether this standard has

been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a
> need for trial–whether, in other words, there are genuine factual issues that properly
> can be resolved only by a finder of fact because they may reasonably be resolved
> in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow,*

826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-*

*Management Pension Fund,* 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its

resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. A

dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict

for either party. *Id.* at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from

the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna*

*Bank,* 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there

is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The

nonmoving party must then demonstrate the existence of specific facts in the record that create a

genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d at 957. A party opposing a

properly supported motion for summary judgment may not rest upon mere allegations or denials,

but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. at 256.

3

## DISCUSSION

Taylor claims that the Union violated its duty of fair representation when it elected not to file a grievance on his behalf concerning his discharge from Georgia-Pacific.  In its role as a collective bargaining representative, a union has a legal duty to represent its members adequately, honestly and in good faith.  *Air Line Pilots Ass'n Intern. v. O'Neill,* 499 U.S. 65, 75-76, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991).  This duty of fair representation is a judicially created duty arising out of the statutory grant of exclusive representation to unions under the National Labor Relations Act.  *Ford Motor Co. v. Huffman,* 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed.2d 1048 (1953).

A union's duty of fair representation is breached only "when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith."  *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967).  "Mere negligence, poor judgment or ineptitude on the part of the union is insufficient to establish a breach of the duty of fair representation."  *Smith v. United Parcel Service, Inc.,* 93 F.3d 1066, 1068 (8th Cir. 1996)(quoting *Stevens v. Teamsters Local 600*, 794 F.2d 376, 378 (8th Cir. 1986)).

In this case, Taylor claims that the Union, acting arbitrarily and in bad faith, violated its duty of fair representation when it refused to file a grievance of his behalf in connection with his termination.  He also claims that the Union's conduct was based upon race and due to his having filed an EEOC charge.

A union's conduct is arbitrary if, "in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational."  *Beavers v. United Paperworkers Intern. Union, Local 1741,* 72 F.3d 97, 100 (8th Cir. 1995)(citations and internal quotations omitted).  The fact that a union has chosen not to

4

pursue a grievance does not constitute arbitrary conduct in and of itself.  Unions have substantial discretion in deciding which grievances to pursue.  *Carnes v. United Parcel Service, Inc.,* 51 F.3d 112, 116 (8th Cir. 1995)(citing *Minnis v. International Union, United Auto., Aerospace and Agr. Implement Workers of America, UAW,* 531 F.2d 850, 854 (8th Cir. 1975)).  If a union determines that a grievance has no merit, it is under no duty to pursue it.  In fact, because the union's duty of fair representation is a collective duty, owed equally to all its members,  it is the union's affirmative duty not to pursue a grievance which it believes, in good faith, to be without merit.  *Sanders v. Youthcraft Coats and Suits, Inc.,* 700 F.2d 1226, 1229 (8th Cir. 1983)(citations omitted).

In this case, there is no evidence that the Union's conduct toward Taylor was arbitrary.  After Taylor was terminated, the Union conducted a thorough investigation into the matter which included conducting interviews and reviewing Taylor's personnel file.  Thus, there is no indication that the Union gave Taylor's grievance request only cursory attention.  *See Curtis v. United Transp. Union,* 700 F.2d 457, 458 (8th Cir. 1983).  In its investigation, the Union found that Taylor had numerous attendance violations on his record and that he had gone through all the steps of the company's progressive discipline process, including the optional fifth step.  As a result of its investigation, the Union determined that Taylor's termination was justified and there was no merit in filing a grievance on his behalf.  In light of these facts, the Court can not say that the Union's decision not to file a grievance on Taylor's behalf was outside the " 'wide range of reasonableness' as to be irrational."  *Beavers,* 72 F.3d at 100 (citations omitted).  Therefore, the Union's conduct was not arbitrary as a matter of law.

However, "a union is protected  by the 'wide range of  reasonableness' shield only if it

5

acted in good faith." *Schmidt v. International Broth. of Elec. Workers, Local 949,* 980 F.2d 1167, 1170 (8th Cir. 1992). Thus, the question remains whether the Union breached its duty by failing to represent Taylor "without hostility or discrimination" and "with complete good faith and honesty." *Vaca,* 386 U.S. at 177, 87 S.Ct. at 910. To defeat summary judgment on the issue of bad faith, a plaintiff must offer "evidence of fraud, deceitful action or dishonest conduct" by the union. *Schmidt,* 980 F.2d at 1170.

In this case, Taylor claims that the Union acted in bad faith, when it refused to pursue his grievance. However, he has not presented any evidence to support this conclusory assertion. There is no evidence of any fraud, deceitful action or dishonest conduct on the part of the Union in this matter. Thus, the Court finds that the Union's conduct was not taken in bad faith as a matter of law.

Taylor claims that the Union refused to file his termination grievance because of his race, African-American. He claims that the Union represented various Caucasian and female employees in the past. In support of this contention, Taylor mentions the treatment of Shawn Herbert (Caucasian), Houston Pamplin (Caucasian), and Tracy Bryant (female). However, there is no evidence that the Union filed such a grievance on behalf of any of these individuals. In fact, it is doubtful that any of these individuals ever requested that a termination grievance be filed on their behalf because Shawn Herbert and Tracy Bryant both quit their jobs with Georgia-Pacific and Houston Pamplin still works there. The treatment of these individuals can not be used to show discriminatory animus on the part of the Union in this matter. Thus, the Court finds that the Union's conduct was not discriminatory as a matter of law.

Finally, Taylor claims that the Union refused to file his termination grievance because he

had filed an EEOC charge against Georgia-Pacific.  However, Taylor presents no evidence in support of this contention. Therefore, this claim must also fail as a matter of law.

Taylor has failed to come forth with evidence establishing a genuine issue of material fact as to whether the Union acted in an arbitrary, discriminatory or bad faith manner in its representation of Taylor.  Thus, there is no breach of its duty of fair representation as a matter of law.

## CONCLUSION

Based upon the foregoing reasons, the Court finds that Separate Defendant International Association of Machinist and Aerospace Workers, Local W475's Motion for Summary Judgment should be and hereby is **granted**.  A judgment of even date, consistent with this Opinion, will be issued.

IT IS SO ORDERED, this 31st day of March, 2008.


      /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge