IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GREGORY TAYLOR                                                                          PLAINTIFF

VS.                                         CASE NO. 06-CV-1079

GEORGIA-PACIFIC CORPORATION
and INTERNATIONAL ASSOCIATION
OF MACHINIST AND AEROSPACE
WORKERS, LOCAL W475                                                                  DEFENDANT

## ORDER

Before the Court is Defendant Georgia Pacific Corporation's Bill of Costs. (Doc. No. 78). As a prevailing party in this action, Defendant Georgia Pacific asserts that it is entitled to costs in the amount of $3,634.92. Plaintiff has responded by filing a Motion in Opposition to Defendant's Bill of Costs. (Doc. No. 79). In this motion, Plaintiff argues that special circumstances exist that would make it unjust for the Court to award costs to the Defendant. Defendant Georgia Pacific has responded to the motion. (Doc. No. 81). Plaintiff has filed a reply to Georgia Pacific's response. (Doc. No. 82). The matter is ripe for consideration.

The Federal Rules of Civil Procedure state that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). This rule presumes an award of costs; however, the district court has substantial discretion in awarding such costs. *Computrol, Inc. v. Newtrend, L.P.,* 203 F.3d 1064, 1072 (8th Cir. 2000)(citations omitted). The indigency of the losing party is a reason the court should consider when determining whether to tax costs, *Lampkins v.*

*Thompson,* 337 F.3d 1009, 1017 (8th Cir. 2003), and is a valid reason for not awarding them. *Poe v. John Deere Co.,* 695 F.2d 1103, 1108 (8th Cir. 1992).

In his opposition to Georgia-Pacific's Bill of Costs, the Plaintiff states that he has been unable to obtain permanent employment since his discharge in 2006 and is, thus, unable to pay any costs in this matter. He has submitted an affidavit in support of this assertion. In his affidavit, Plaintiff states that since his discharge from Georgia-Pacific in May 2006, he has worked infrequently. He was not employed for the remainder of 2006. In 2007 and 2008, he was employed as a tax preparer from January 1 to April 15. He also worked for one month in 2007 earning $7.00 per hour. Based upon this information, the Court finds that the Plaintiff is indigent.

Although costs may be awarded against an indigent person, it is appropriated for the Court to consider the economic hardship on the party against whom costs are assessed. *Lampkins,* 337 F.3d at 1017. In this case, the Plaintiff has been unable to find permanent employment since 2006. The Court believes that to award Georgia-Pacific its costs would be an undue economic hardship on the Plaintiff. Therefore, the Court finds that Plaintiff's request for an order denying Georgia-Pacific's Bill of Cost should be and hereby is **granted**. Accordingly, the Court in the exercise of its discretion declines to award Georgia-Pacific its costs in this matter.

IT IS SO ORDERED, this 8th day of December, 2008.

    /s/Harry F. Barnes  
Hon. Harry F. Barnes  
United States District Judge